# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **LEGRAIN WINSTON, MICHELLE STRICKLAND, VERNELL TIMS, I.V. NEWSON, JR., SAMUEL PAGE, WILFORD FERGUSON, CECIL WILLIAMS, ANTHONY MANNING, DAVID WALKER, TYRONE MCGHEE and VICTOR SLAUGHTER,** | ) ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **No. 18 CV 5726** |
| **SHERIFF OF COOK COUNTY THOMAS J. DART, in his Official Capacity, JOSEPH RANZINO, Individually and in this Official Capacity, GREGORY SHIELDS, Individually and in his Official Capacity, THOMAS NEAL, Individually and in his Official Capacity, CHRISTOPHER ROHLOFF, Individually and In his Official capacity, and COUNTY OF COOK, ILLINOIS,** | ) ) ) ) ) ) ) ) ) ) ) | **Jury Trial Demand** |
| **Defendants.** | ) ) | |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW  COME Defendants Sheriff of Cook County Thomas J. Dart, Joseph  Ranzino, Gregory Shields, Thomas Neal, Christopher Rohloff, and County of Cook, Illinois ("Defendants"), by Kimberly M. Foxx, Cook County State's Attorney, through her assistant Timothy Swabb, and hereby move to dismiss the Complaint filed by the Defendants for the following reasons:

**INTRODUCTION**

Plaintiffs Legrain Winston, Michelle Strickland, Vernell Tims, I.V. Newson, Jr., Samuel Page, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, Tyrone Mcghee and Victor Slaughter ("Plaintiffs"), present and former employees of the Cook County Sheriff's Department assigned to the Electronic Monitoring Unit ("EM Unit"), have filed a Complaint against Sheriff Of Cook County Thomas J. Dart, in his Official Capacity; County Of Cook, Illinois; and Joseph Ranzino, , Gregory Shields, Thomas Neal, and Christopher Rohloff in their individual and official capacities. Plaintiffs have sued the Sheriff in his official capacity and the County, as well as present and former individual supervisors in the EM Unit in their individual and official capacities. Plaintiffs allege that they were harassed, disciplined, given undesirable assignments, and otherwise treated unfairly because they are African American. They allege racial discrimination, a hostile work environment, and retaliation in violation of Title VII, Section 1981, Section 1983, and the Illinois Human Rights Act, negligent retention, respondeat superior. They seek damages and declaratory relief.

First, Plaintiffs' Title VII claims which are outside of the required statutory period should be dismissed. Second, Section 1981 does not apply against any of the official capacity claims or Cook County, since those are all suits against state actors. Third, Plaintiffs have not shown that Defendants in their official capacity or Cook County are liable for the alleged actions of their employees under Section 1983. Fourth, Plaintiffs' claims are beyond the scope of their EEOC charges or they failed to file EEOC charges. Fifth, Plaintiffs' claims are beyond the scope of their IDHR charges or they failed to file IDHR charges. Sixth, Plaintiffs have not shown that the Defendants in their official capacity or Cook County are liable under respondeat superior. Seventh, Plaintiffs' state court claims against Defendants are barred by the Tort Immunity Act.

Eighth, Plaintiff's claims under the Illinois Human Rights Act are time-barred. Finally, Cook County is not a proper party to this lawsuit because Cook County does not employ the individual Defendants.

## I. Plaintiffs' Title VII Claims Which Are Outside Of The Required Statutory Period Should Be Dismissed.

The Court should dismiss any of Plaintiffs' claims under Title VII which are outside of the mandated statutory period. "[A] plaintiff in a deferral state such as Illinois must file a charge of discrimination with the EEOC or equivalent state agency within 300 days after the 'alleged unlawful employment practice.' 42 U.S.C. § 2000e-5(e)(1)." *Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001). "The 300-day limit ... begins to run when the defendant has taken the action that injures the plaintiff and when the plaintiff knows she has been injured." *Id.* (citation and quotation marks omitted). *See Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 623–24 (2007); *AMTRAK v. Morgan*, 536 U.S. 101, 109–10 (2002); *Roney v. Ill. DOT*, 474 F.3d 455, 460 (7th Cir. 2007).

Plaintiffs Legrain Winston, Samuel Page, and Victor Slaughter allege that they filed their EEOC/IDHR charges on July 25, 2016, while Plaintiff I.V. Newson alleges that he filed his charge on October 11, 2017. Complaint, paragraph 6 and exhibits. Any claims of discrimination by Winston, Page, and Slaughter before September 29, 2015 are barred. Any claims of discrimination by Newson before December 15, 2016 are barred. Therefore, the Court should dismiss Plaintiffs' allegations which fall outside of the required statutory period.

## II. Plaintiffs' IHRA Claims Which Are Outside Of The Required Statutory Period Should Be Dismissed.

The Court should dismiss any of Plaintiffs' claims under the Illinois Human Rights Act which are outside of the mandated statutory period. Prior bringing claims under the Illinois Human Rights Act, a plaintiff must first exhaust her administrative remedies with the Illinois Department of Human Rights (IDHR) and all claims must be brought within 180 days of the purported adverse action. *See* 775 ILCS 5/7A-102(A)(1).

Plaintiffs Legrain Winston, Samuel Page, and Victor Slaughter allege that they filed their EEOC/IDHR charges on July 25, 2016, while Plaintiff I.V. Newson alleges that he filed his charge on October 11, 2017. Complaint, paragraph 6 and exhibits. Any claims of discrimination by Winston, Page, and Slaughter before January 27, 2016 are barred. Any claims of discrimination by Newson before April 14, 2017 are barred. Therefore, the Court should dismiss Plaintiffs' allegations which fall outside of the required statutory period.

## III. Plaintiffs' Section 1983 Claims Which Are Outside Of The Required Statutory Period Should Be Dismissed.

The Court should dismiss any of Plaintiffs' claims under Section 1983 which are outside of the mandated statutory period. All Section 1983 claims must be brought within two years of the purported adverse action. *Kalimara v. Illinois Dep't of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989); *Farrell v. McDonough*, 966 F.2d 279, 281 (1992), cert. denied, 506 U.S. 1084 (1993) (expressing continued adherence to *Kalimara*). The Complaint in this matter was filed on August 21, 2018. Any Section 1983 claims before August 21, 2016 are barred. Therefore, the Court should dismiss Plaintiffs' allegations which fall outside of the required statutory period.

IV.     **Plaintiffs' State Law Claims Against Public Entities Which Are Outside of the Required Statutory Period Should Be Dismissed.**

In Illinois, civil actions against local public entities must be brought "within one year from the date that the injury was received or the cause of action accrued." Tort Immunity Act, 745 Ill. Comp. Stat. 10/8-101(a*); see Fanio v. John W. Breslin Co.*, 51 Ill. 2d 366 (1972) (upholding constitutionality of one-year statute of limitations). "The legislature, when enacting the Tort Immunity Act, specifically stated that its purpose was 'to protect local public entities and public employees from liability arising from the operation of government.'" *Tosado v. Miller*, 188 Ill.2d 186, 194 (1999) (quoting the Tort Immunity Act, 745 Ill. Comp. Stat. 10/8-101.1(a)). The Illinois Supreme Court further explained that the statute of limitations encourages prompt investigation and resolution of disputes and affords governments the opportunity to realistically plan their budgets. *Id.* at 195; *Saragusa v. City of Chicago*, 63 Ill. 2d 288, 293 (1976). In *Olojo v. Kennedy-King College*, the court held that the plaintiff's state law claims (IIED and negligence) were time-barred because they were subject to the Tort Immunity Act, which applied to civil actions, including common law, state statutory, and state constitutional claims and because the defendant qualified as a local public entity entitled to the protections of the Act. *Olojo*, 2006 U.S. Dist. LEXIS 42109, at *26.

Similarly, in the present case, the official capacity claims and the claims against Cook County are entitled to the protections of the Tort Immunity Act. The Complaint in this matter was filed on August 21, 2018.  Any state law claims against public entities before August 21, 2016 are barred.  Therefore, the Court should dismiss Plaintiffs' state law claims against public entities which fall outside of the required statutory period.

### V.     Several Plaintiffs Failed To File EEOC Charges.

Generally a plaintiff may not bring claims under Title VII that were not originally brought among the charges to the EEOC.  *Peters v. Renaissance Hotel* 307 F.3d 535 (7th Cir. 2002).  Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee failed to file EEOC charges (see Complaint) and therefore may not file Title VII claims.  *Id.*

### VI.     Several Plaintiffs Failed To File IDHR Charges.

Generally a plaintiff may not bring claims under the Illinois Human Rights Act that were not originally brought among the charges to the IDHR.  A plaintiff must exhaust his administrative remedies before the Illinois Human Rights Commission prior to filing suit in a judicial forum. *See Talley v. Washington Inventory Serv.*, 37 F.3d 310, 311 (7th Cir. 1994). Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee failed to allege that they files EEOC charges (see Complaint) and therefore may not file Title VII claims (*Talley v. Washington Inventory Serv.*, 37 F.3d at 311).

### VII.     Section 1981 Does Not Apply Against Any Of The Official Capacity Claims Or Cook County, Since Those Are All Suits Against State Actors.

The Seventh Circuit has held that 42 U.S.C § 1981 does not create a private right of action against state actors. *Campbell v. Forest Preserve Dist. of Cook Cnty.*, 752 F.3d 665, 671 (7th Cir. 2014). In *Campbell*, an employee of the Cook County Forest Preserve District sued the FPD (his former employer) after he was fired for having sex with a co-worker in the FPD's Aquatic Center. *Id.* at 666. His complaint alleged claims under Section 1983 of the Civil Rights Act for race discrimination and due process violations and Section 1981 for race discrimination

in the making and enforcement of contracts. *Id.* The district court dismissed his Section 1983 claims because they were not brought within the two-year statute of limitations and also dismissed his Section 1981 claims because Section 1981 does not provide a remedy against government entities. *Id.* In affirming the district court, *Campbell* held "[w]e now join the overwhelming weight of authority and hold that *Jett* remains good law, and consequently, § 1983 remains the exclusive remedy for violations of Section 1981 committed by state actors." *Id.* at 671. Similarly here, the Court must dismiss all official capacity claims and claims against Cook County because there is no private right of action under 42 U.S.C § 1981.

**VIII.    Plaintiffs Have Not Shown That Defendants In Their Official Capacity Or Cook County Are Liable For The Alleged Actions Of Their Employees Under Section 1983.**

A municipality may be liable for a Section 1983 violation in one of three ways: (1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a wide-spread practice that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with final decision policymaking authority. *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013) (citation and internal quotation marks omitted). Plaintiffs have failed to make allegations that the Defendants sued in their official capacity or the County violated Section 1983 in any of these ways, and therefore their Section 1983 claims against Defendants sued in their official capacity or the County should be dismissed.

IX.     **Plaintiffs Have Not Shown That The Defendants In Their Official Capacity Or Cook County Are Liable Under Respondeat Superior.**

Defendants sued in their official capacity or the County cannot be held liable for any actions under a respondeat superior theory under Section 1983. "[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under Section 1983 on a respondeat superior theory." *Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978). *See Simpson v. Brown Cty.*, 860 F.3d 1001, 1005–06 (7th Cir. 2017) ("[M]unicipal governments cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of respondeat superior for constitutional violations committed by their employees.") and *Burritt v. Ditlefsen*, 807 F.3d 239, 251 (7th Cir. 2015) ("A respondeat superior theory of liability may not be pursued against a municipal government entity . . . ."). Accordingly, Defendants sued in their official capacity or the County cannot be held liable simply for employing the individual Defendants.

X.      **Cook County Is Not A Proper Party To This Lawsuit Because Cook County Does Not Employ The Individual Defendants.**

Cook County does not oversee, maintain, or control the operations of the Sheriff's Office.  Therefore, the County is not a joint employer.  *Orenic v. Illinois State Labor Relations*, 127 Ill. 2d 453, 476 (1989), and cannot be sued as a joint employer.  Therefore, all claims against the County should be dismissed.

**CONCLUSION**

For all of the above reasons, Plaintiffs' claims should be dismissed in whole or in part with prejudice.


Respectfully submitted,


KIMBERLY M. FOXX
State's Attorney of Cook County

By:    */s/ Timothy Swabb*
Timothy Swabb
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-4320
timothy.swabb@cookcountyil.gov