IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEGRAIN WINSTON, ) <br> MICHELLE STRICKLAND, ) <br> VERNELL TIMS, I.V. NEWSON, Jr., ) <br> SAMUEL PAGE, WILFORD FERGUSON, ) <br> CECIL WILLIAMS, ANTHONY ) <br> MANNING, DAVID WALKER, ) <br> TYRONE MCGHEE and VICTOR ) <br> SLAUGHTER, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> vs. ) <br>   ) <br> SHERIFF OF COOK COUNTY ) <br> THOMAS J. DART, in his ) <br> Official Capacity, JOSEPH RANZINO, ) <br> Individually and in his Official Capacity, ) <br> GREGORY SHIELDS, Individually and in ) <br> his Official Capacity, THOMAS NEAL, ) <br> Individually and in his Official Capacity, ) <br> CHRISTOPHER ROHLOFF, Individually ) <br> and in his Official Capacity, and ) <br> COUNTY OF COOK, ILLINOIS, ) <br>   ) <br> Defendants. ) | Case No. 18 cv-05726 <br><br> Jury Trial Demand |

**PLAINTIFFS RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, LEGRAIN WINSTON, MICHELLE STRICKLAND, VERNELL TIMS, I.V. NEWSON, Jr., SAMUEL PAGE, WILFORD FERGUSON, CECIL WILLIAMS, ANTHONY MANNING, DAVID WALKER, TYRONE MCGHEE and VICTOR SLAUGHTER hereafter ("Plaintiffs") by and through their attorneys, The Herbert Law Firm, pursuant to Federal Rules of Civil Procedure 12(b)(6), responds as follows:

**STANDARD OF REVIEW**

In ruling on a motion brought pursuant to Fed. R. Civ. P. Rule 12(b)(6), the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Reger Development, LLC v. Nat'l City Bank*, 592 F.3d 759, 763-64 (7th Cir. 2010). The court must determine whether a plaintiff has alleged facts sufficient to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Seventh Circuit has interpreted this plausibility standard to mean that "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Allegations that are "merely consistent with" the cause of action are insufficient to satisfy the plausibility standard. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Iqbal*, 556 U.S. at 679.

    **I.**    **The Single-Filing Rule applies and Plaintiffs' EEOC and IDHR Counts should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).**

Under appropriate circumstances, the single-filing rule may be invoked by plaintiffs who have not complied with the procedural requirements of Title VII of the Civil Rights Act of 1964. *Zuckerstein v. Argonne Nat'l Lab*, 663 F. Supp. 569 (N.D. Il. 1987). The single-filing rule allows a noncomplying plaintiff to join a suit initiated by a complying plaintiff under certain circumstances. *Zuckerstein*, 663 F. Supp at 572; citing *Snell v. Suffolk County*, 782 F.2d 1094, 1100 (2d Cir. 1986). The policy behind requiring Title VII plaintiffs to first submit a charge to the EEOC is to allow the EEOC "an opportunity to settle disputes . . . before the aggrieved party [is] permitted to file a lawsuit." *Id.* at 572, citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974).

The EEOC filing also provides "prompt notice to the employer," *Id.* at 572, citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982), furthering the policy of conciliation. Not requiring multiple EEOC filings avoids futile acts because "it would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC. If it is impossible to reach a settlement with one discriminate, what reason could there be to assume that the next one would be successful." *Id.* at 572, citing *Oatis v. Crown Zellerback Corp.*, 398 F.2d 496, 498 (5th Cir. 1968). The Seventh Circuit has accepted this rationale for class action suits. *Id.* at 572, citing *Romasanta v. United Airlines, Inc.*, 537 F.2d 915, 918-919 & n.7 (7th Cir. 1976).

Two factors must be present for non-complying plaintiffs to invoke the single-filing rule. First, at least one complying plaintiff must be a party to the suit. *Id.* at 574, citing *Jackson v. Seaboard Coast R.R.*, 678 F.2d 992, 1011-12 (11th Cir. 1982); see also *Scarlett v. Seaboard Coast R.R.*, 676 F.2d 1043, 1050 (5th Cir. Unit B 1982). The second requirement of the single-filing rule is that the plaintiff's claims "must have arisen out of similar discriminatory treatment in the same time frame." *Id.* at 574, citing *Jackson*, 678 F.2d at 1012. The test for application of the single-filing rule is not whether the claims are identical but whether the EEOC complaints are similar enough such that the policies behind Title VII are not contravened by excusing the filings. *Id.* at 574-5. Thus, the filing of the EEOC complaint serves to notify employers so long as "all of the allegations in the complaint are quite closely related to the factual allegation of the [EEOC] charges." *Id.* at 575.

Here, Plaintiffs LeGrain Winston, I.V. Newson, Jr., Samuel Page and Victor Slaughter all received right to sue letters issued by the Department of Justice and dated May 23, 2018. (Compl. ¶ 6). Four of the Plaintiffs timely filed this lawsuit within the required 90 days

3

from receipt of their right to sue letters, which resulted from four individual EEOC charges alleging similar facts of discrimination within the Cook County Sheriff's Office. (Comp. ¶¶ 7, 8, Ex. A – H). Thus, Plaintiffs Winston, Page, Slaughter and Newson, Jr. are complying plaintiffs and satisfy the first factor of the single-filing rule, which requires at least one complying plaintiff.

Further, the second factor that must be present for non-complying plaintiffs to invoke the single-filing rule is that the plaintiffs' claims must have arisen out of similar discriminatory treatment in the same time frame. Here, the non-complying Plaintiffs include Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker and Tyrone McGhee. All of the non-complying Plaintiffs either currently, or previously worked in the Electronic Monitoring Unit of the Cook County Sheriff's Department under the supervision of the individually named Defendants. (Compl. ¶¶ 11, 12, 15-19).

Additionally, all of the Plaintiffs are African-American and allege discriminatory practices against the Defendants during the same time frame and are similar enough that the policies of Title VII are not contravened by excusing the filings. (Compl. ¶¶ 11, 12, 15-19). The EEOC complaints of Plaintiffs Winston, Newson Jr., Page and Slaughter served to notify the Defendant employer of the factual allegations of the EEOC filings. Specifically, paragraphs 77 through 86 of Plaintiffs' Complaint allege facts common to all of the complying and non-complying Plaintiffs. Thus, the non-complying Plaintiffs here have satisfied the second requirement of the single-filing rule and Defendants' motion to dismiss should be denied.

**II.     The Section 1981 Counts Apply to Defendants' Individual Liability and Should Not Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).**

42 U.S.C. § 1981 guarantees that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts," regardless of race. It

4

proscribes racial discrimination in contractual relationships, including employment. *Smith v. Bray*, 681 F.3d 888, 892 (7th Cir. 2012). There is a private right of action for violations committed by private actors, but another section – section 1983 – provides "the exclusive remedy for violations of § 1981 committed by state actors." *Campbell v. Forest Preserve Dist.*, 752 F.3d 665, 671 (7th Cir. 2014). Individuals can be held liable under § 1981, if they "participated in" the adverse employment action against the plaintiff. *Smith v. Bray*, 681 F.3d at 896-97 & n.2. "The same requirements for proving discrimination apply to claims under Title VII, § 1981 and § 1983. *Egonmwan v. Cook County Sheriff's Dep't*, 602 F.3d 845, 850 (7th Cir. 2010).

Here, the individual Defendants have been sued in their individual and official capacities. This court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiffs. See *Reger Development, LLC v. Nat'l City Bank*, 592 F.3d at 763-64. Individuals can be held liable under § 1981, if they "participated in" the adverse employment action against the plaintiff. *Smith v. Bray*, 681 F.3d at 896-97 & n.2.

To the extent that the individual Defendants have been sued individually, the § 1981 counts should not be dismissed. Specifically, paragraphs 77 through 86 of Plaintiffs' Complaint allege facts common to all Plaintiffs and allege facts directed at the individual Defendants' actions. At this stage of the proceedings and as there are factual questions regarding the Defendants' individual liability, a motion to dismiss the § 1981 Count is not appropriate and therefore, should be denied.

WHEREFORE, the Plaintiffs, LEGRAIN WINSTON, MICHELLE STRICKLAND, VERNELL TIMS, I.V. NEWSON, Jr., SAMUEL PAGE, WILFORD FERGUSON, CECIL WILLIAMS, ANTHONY MANNING, DAVID WALKER, TYRONE

MCGHEE and VICTOR SLAUGHTER respectfully requests that this Honorable Court deny the Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6).

Dated: April 9, 2019                  Respectfully submitted,

                                               By:    /s/ Kelly A. Krauchun
                                                          Attorney for Plaintiffs

Kelly A. Krauchun (ARDC #6322639)
Daniel Q. Herbert (ARDC #6273940)
The Herbert Law Firm
206 S. Jefferson, Suite 100
Chicago, IL 60661
312-655-7660
Kelly.krauchun@danherbertlaw.com
Dan.herbert@danherbertlaw.com

## CERTIFICATE OF SERVICE

I, Kelly Krauchun, hereby certify that on April 9, 2019, I have electronically filed a true and correct copy of Plaintiff's Response to Defendants' Motion to Dismiss with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record listed below:

Timothy Swabb
Cook County State's Attorney
50 W. Washington
Chicago, IL 60602
timothy.swabb@cookcountyil.gov

>*/s/ Kelly Krauchun*
>Attorney for Plaintiffs

>Kelly Krauchun
>The Herbert Law Firm
>206 S. Jefferson, Suite 100
>Chicago, IL 60661
>312-655-7660
>Kelly.krauchun@danherbertlaw.com