## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **LEGRAIN WINSTON, MICHELLE STRICKLAND, VERNELL TIMS, I.V. NEWSON, JR., SAMUEL PAGE, WILFORD FERGUSON, CECIL WILLIAMS, ANTHONY MANNING, DAVID WALKER, TYRONE MCGHEE and VICTOR SLAUGHTER,** | ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **No. 18 CV 5726** |
| **v.** | ) ) ) | **Hon. Judge Matthew F. Kennelly** |
| **SHERIFF OF COOK COUNTY THOMAS J. DART, in his Official Capacity, JOSEPH RANZINO, Individually and in this Official Capacity, GREGORY SHIELDS, Individually and in his Official Capacity, THOMAS NEAL, Individually and in his Official Capacity, CHRISTOPHER ROHLOFF, Individually and In his Official capacity, and COUNTY OF COOK, ILLINOIS,** | ) ) ) ) ) ) ) ) ) ) | **Jury Trial Demand** |
| **Defendants.** | ) ) | |

### ANSWER AND AMENDED AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants Sheriff of Cook County Thomas J. Dart, Joseph Ranzino, Gregory Shields, Thomas Neal, Christopher Rohloff, and County of Cook, Illinois ("Defendants"), by Kimberly M. Foxx, Cook County State's Attorney, by and through her undersigned counsel, state as follows as their Answer and Amended Affirmative Defenses to the Complaint filed by the Defendants:

## INTRODUCTION

1.      This action is brought by Plaintiffs, employees of the Cook County Sheriff's Office, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., pursuant to 42 U.S.C. §§1981, 1983 and the Illinois Human Rights Act, 7751LCS 5/1-101 et. seq. to redress the deprivation under the color of law of 'Plaintiffs' rights as secured by the Illinois and United States Constitution s. Plaintiffs in the course of many years as Cook County Sheriffs' Officers filed numerous complaints in various forums related to claims of employment discrimination and/or civil rights violations. This action seeks to redress the violations of Plaintiffs' civil rights by the Defendants.

**ANSWER:    Defendants admit that Plaintiffs purport to bring this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§1981, 1983 and the Illinois Human Rights Act, but deny that they have violated any law or statute.  Defendants lack sufficient knowledge or information to form a belief as to what complaints Plaintiffs have filed in what forums.  Defendants deny the remaining allegations in this paragraph.**

2.      Plaintiffs further allege that Defendants' policies, practices, and decisions had a disparate impact upon them based on their race, African-American.

**ANSWER:    Defendants deny the allegations in this paragraph.**

3.      Plaintiffs seek injunctive and declaratory relief, compensatory damages, punitive damages, and liquidated damages, and reasonable attorneys' fees and costs as remedies  for Defendants'  violations  of their  rights .

**ANSWER:    Defendants admit that Plaintiffs seek such relief but deny that they are entitled to any relief.**

## JURISDICTION AND VENUE

4.      Jurisdiction  over  Plaintiffs' claims are conferred by 28 U.S. C. §§1331, 1343.

**ANSWER:    Defendants do not dispute jurisdiction in this action.**

5.      Venue is proper in this district pursuant to the general venue statute, 28 U.S.C. § 1391 because all parties reside in this judicial district and the events pe1taining to the claims made in this complaint occurred in this district.

**ANSWER:    Defendants do not dispute venue in this action.**

6.      All conditions precedent to filing suit have been met. Specifically, Plaintiffs, LEGRAIN WINSTON, SAMUEL PAGE, and VICTOR S.LAUGHTER timely filed a charge of discrimination with the Illinois Department of Human Rights ( "IDIIR")  and  the  United  States Equal  Employment  Opportunity  Commission  ("EEOC"),  as required  by Section 42 U.S.C. §2000e-5(e)(l) on July 25, 20 16; Plaintiff,  LV. NEWSON,  Jr. filed  same on October 11,2017. (Attached here as Exhibits "A" through  "D").

**ANSWER:    Defendants admit that Exhibit A purports to be a charge of discrimination filed by Legrain Wilson and received by the EEOC on July 25, 2016. Defendants admit that Exhibit B purports to be a charge of discrimination filed by Samuel Page and received by the EEOC on July 25, 2016. Defendants admit that Exhibit C purports to be a charge of discrimination filed by Victor Slaughter and received by the EEOC on July 25, 2016. Defendants admit that Exhibit D purports to be a charge of discrimination filed by I. V. Newson, Jr. and received by the EEOC on October 11, 2017. Defendants deny the remaining allegations in this paragraph.**

3

7.     Exhibits "A" through "D" are true and accurate copies of Plaintiffs' charges of discrimination.

**ANSWER:    Defendants admit that Exhibit A purports to be a charge of discrimination filed by Legrain Wilson and received by the EEOC on July 25, 2016. Defendants admit that Exhibit B purports to be a charge of discrimination filed by Samuel Page and received by the EEOC on July 25, 2016. Defendants admit that Exhibit C purports to be a charge of discrimination filed by Victor Slaughter and received by the EEOC on July 25, 2016. Defendants admit that Exhibit D purports to be a charge of discrimination filed by I. V. Newson, Jr. and received by the EEOC on October 11, 2017. Defendants lack sufficient knowledge or information to form a belief as to whether these are true and accurate copies of Plaintiffs' charges of discrimination.**

8.     The United States Department of Civil Rights Division issued "right to sue letters" dated May 23, 2018. (Attached as Exhibits "E" through "H").

**ANSWER:    Defendants admit that Exhibit E purports to be a right to sue letter sent to Legrain Wilson by the EEOC on May 23, 2018. Defendants admit that Exhibit F purports to be a right to sue letter sent to Samuel Page by the EEOC on May 23, 2018. Defendants admit that Exhibit G purports to be a right to sue letter sent to Victor Slaughter by the EEOC on May 23, 2018. Defendants admit that Exhibit H purports to be a right to sue letter sent to I. V. Newson, Jr. by the EEOC on May 23, 2018. Defendants lack sufficient knowledge or information to form a belief as to whether the EEOC issued these letters.**

9.     Exhibits "E" through "H" arc true and accurate copies of the right to sue letters.

**ANSWER:    Defendants admit that Exhibit E purports to be a right to sue letter sent to Legrain Wilson by the EEOC on May 23, 2018. Defendants admit that Exhibit F purports to be a right to sue letter sent to Samuel Page by the EEOC on May 23, 2018. Defendants admit that Exhibit G purports to be a right to sue letter sent to Victor Slaughter by the EEOC on May 23, 2018. Defendants admit that Exhibit H purports to be a right to sue letter sent to I. V. Newson, Jr. by the EEOC on May 23, 2018.  Defendants lack sufficient knowledge or information to form a belief as to whether these are true and accurate copies of right to sue letters issued by the EEOC.**

## PARTIES

10.    Plaintiff, LEGRAIN  WINSTON,  is a male African-American employee of the Defendants, holding the position of Investigator with the Electronic Monitoring Unit of the Cook County  Sheriff's Department.

**ANSWER:    Defendants admit the allegations in this paragraph.**

11.    Plaintiff, MICHELLE STRICKLAND, is a female African-American  employee of the Defendants, holding the current position of Transportation Officer and fanner position of Investigator  with the Electronic Monitoring  Unit of the Cook County Sheriff Department.

**ANSWER:    Defendants admit the allegations in this paragraph.**

12.    Plaintiff, VERNELL TIMS, is a male African-American  employee of the Defendants, holding the position of Investigator  with the Electronic Monitoring Unit of the Cook County Sherif1S Department.

**ANSWER:    Defendants admit the allegations in this paragraph.**

13.     Plaintiff, I.V. NEWSON, Jr. is a male African-American employee of the Defendants, holding the position of Investigator with the Electronic Monitoring Unit of the Cook County Sheriff's Department

      **ANSWER:     Defendants admit the allegations in this paragraph.**

14.     Plaintiff, SAMUEL PAGE, is a male African- American employee of the Defendants, holding the position of investigator with the Electronic Monitoring Unit of the Cook County Sheriff's Department.

      **ANSWER:     Defendants admit the allegations in this paragraph.**

15.     Plaintiff, WILFORD FERGUSON, is a male African-American employee of the Defendants, holding the position of investigator with the Electronic Monitoring Unit of the Cook County Sheriff's Department.

      **ANSWER:     Defendants admit the allegations in this paragraph.**

16.     Plaintiff, CECIL WILLIAMS, is a male African-American employee of the Defendants, holding the position of Investigator with the Electronic Monitoring Unit of the Cook County Sheriff's Department.

      **ANSWER:     Defendants admit the allegations in this paragraph.**

17.     Plaintiff, ANTHONY MANNING, is a male African-American employee of the Defendants, holding the position of Correctional Officer with the Cook County Sheriff's Department.

      **ANSWER:     Defendants admit the allegations in this paragraph.**

18.     Plaintiff, DAVID WALKER, is a male African-American employee of the Defendants, holding the position of Investigator with the Electronic Monitoring Unit of the Cook County Sheriff's Department.

**ANSWER:     Defendants admit the allegations in this paragraph.**

19.     Plaintiff, TYRONE MCGHEE, is a male African-American employee of the Defendants, holding the position of Investigator with the Electronic Monitoring Unit of the Cook County Sheriff's Department.

**ANSWER:     Defendants admit the allegations in this paragraph.**

20.     Plaintiff, VICTOR SLAUGHTER, is a male African-American employee of the Defendants, holding the position of Investigator with the Electronic Monitoring Unit of the Cook County Sheriff's Department.

**ANSWER:     Defendants admit the allegations in this paragraph.**

21.     Defendant, Thomas J. Dart ("Dart') was, at all times relevant herein, the Sheriff of Cook County.

**ANSWER:     Defendants lack sufficient knowledge or information to form a belief as to what times Plaintiffs consider relevant, and therefore are unable to admit or deny this allegation.**

22.     As the duly elected Sheriff of Cook County, Dart operates in his official capacity as the head of the Cook County Sheriff's Department. Dart is responsible for the hiring, training and supervision of all personnel necessary to operate and maintain the Cook County Sheriff's Department. Dart is sued in his official capacity.

**ANSWER:** **Defendants admit the allegations in this paragraph.**

23.     Defendant, Joseph Ranzino was, at all times relevant herein, the Chief of Patrol on the Third Watch in the Electronic Monitoring Unit of the Cook County Sheriff's Department. Ranzino was responsible for conducting roll call, assigning duty assignments, granting compensatory time on; and administering discipline to subordinate officers.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief as to what times Plaintiffs consider relevant, and therefore are unable to admit or deny this allegation.**

24.     Defendant, Gregory Shields was, at all times relevant herein, the Executive Director of the Electronic Monitoring Unit of the Cook County Sheriff's Department. Shields was responsible for the oversight and supervision of all subordinate officers, and the administration of discipline for all members of the Electronic Monitoring Unit.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief as to what times Plaintiffs consider relevant, and therefore are unable to admit or deny this allegation.**

25.     Defendant, Thomas Neal was, at all times relevant herein, the Chief of Patrol with the Electronic Monitoring Unit of the Cook County Sheriff's Department . Neal was responsible for conducting roll call, assigning duty assignments, granting compensatory time off, and administering discipline to subordinate officers.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief as to what times Plaintiffs consider relevant, and therefore are unable to admit or deny this allegation.**

26.     Defendant Christopher Rohloff was, at all times relevant herein, a Deputy Chief with the Electronic Monitoring Unit ofthe Cook County Sheriffs Department   Rohloff was responsible for the oversight of all subordinate officers, and the administration of discipline for all members of the Electronic Monitoring Unit.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief as to what times Plaintiffs consider relevant, and therefore are unable to admit or deny this allegation.**

27.     Defendant County of Cook is a local public entity under  the laws of the  State of Illinois.

**ANSWER:** **Defendants admit the allegations in this paragraph.**

### FACTS PARTICULAR TO LEGRAIN WINSTON

28.     Plaintiff, LEGRAIN WINSTON began his employment with the Cook County Sheriff's Department on or about November 1, 1990.

**ANSWER:** **Defendants admit the allegations in this paragraph.**

29.     Plaintiff, LEGRAIN WINSTON began working in the Electronic Monitoring Unit of the Cook County Sheriff's Department in and around August  1994 and is currently still working in said unit.

**ANSWER:** **Defendants admit the allegations in this paragraph.**

30.     On or about April 9, 2015, Chief Ranzino conducted roll call during which he told Plaintiff; LEGRAIN WINSTON that "all of you look alike" referring to the African American Investigators.

**ANSWER:     Defendants deny the allegations in this paragraph.**

31.     On numerous other occasions, Chief Ranzino referred to Plaintiff, LEGRAIN WINSON as "boy" and threatened to have him fired.

**ANSWER:     Defendants deny the allegations in this paragraph.**

32.     On or about July 30, 2015, Plaintiff, LEGRAIN WINSTON discussed work-related matters with Director Shields when Shields became hostile and screamed in Winston's face in a threatening manner.

**ANSWER:     Defendants deny the allegations in this paragraph.**

33.     On or about August 19, 2015 Director Shields told Plaintiff; LEGRAIN WINSTON "I'm going to try my best to get you fired."

**ANSWER:     Defendants deny the allegations in this paragraph.**

34.     Plaintiff, LEGRAIN WINSTON made numerous complaints regarding the above-mentioned incidents; yet the conduct continued.

**ANSWER:     Defendants deny the allegations in this paragraph.**

### FACTS PARTICULAR TO MICHELLE STRICKLAND

35.     Plaintiff, MICHELLE STRICKLAND began her employment with the Cook County Sheriff's Department on or about June 13, 2005.

**ANSWER:** **Defendants admit the allegations in this paragraph.**

36.     Plaintiff, MICHELLE STRICKLAND eventually began working in the Electronic Monitoring Unit of the Cook County Sheriff's Department.

**ANSWER:** **Defendants admit the allegations in this paragraph.**

37.     Plaintiff, MICHELLE STRICKLAND was told on numerous occasions that females did not belong in the investigator position and she should get a secretarial position.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

38.     Plaintiff, MICHELLE STRICKLAND received a 5-day suspension for a specific incident with an inmate; non-minority investigators had an analogous incident occur yet received no discipline at all.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

39.     Plaintiff, MICHELLE STRICKLAND filed numerous grievances with the Cook County Sheriff's Department against one of the Defendants, Director Shields, regarding the treatment she received regularly but the harassment never ended.

DENY

**ANSWER:** **Defendants deny the allegations in this paragraph.**

40.     Plaintiff, MICHELLE STRJCKLAND eventually bid out of the Electronic Monitoring Unit because she could not deal with the constant abuse and harassment from her supervisors.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

## FACTS PARTICLULAR TO VERNELL TIMS

41.    Plaintiff, VERN ELL TIMS began his employment with the Cook County Sheriff's Department in and around November 1990.

**ANSWER:** **Defendants admit the allegations in this paragraph.**

42.    Plaintiff, VERNELL TIMS eventually began working in the Electronic Monitoring Unit of the Cook County Sheriff's Department and is currently still working in said unit.

**ANSWER:** **Defendants admit the allegations in this paragraph.**

43.    In and around 2012, Chief Ranzino said on a recorded phone call to Director Shields that Tims was the "dumb ass Johnny Cochran nigger" while Tims was on the line.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

## FACTS PARTICLULAR TO NEWSON, Jr.

44.    Plaintiff, I.V. NEWSON, Jr. began his employment with the Cook County Sheriff's Department on or about February 17, 1990.

**ANSWER:** **Defendants admit the allegations in this paragraph.**

45.    Plaintiff, I.V. NEWSON, .Jr. began working in the Electronic Monitoring Unit of the Cook County Sheriff's Department in and around 2005 and is currently still working in said unit.

**ANSWER:** **Defendants admit the allegations in this paragraph.**

46.     Plaintiff, I.V. NEWSON. Jr. filed numerous complaints regarding the consistent assignments he received in high incident areas as opposed to the non-minority officers not receiving the same assignments even though they had less seniority and tl1e assignments were to be rotated.

**ANSWER:     Defendants deny the allegations in this paragraph.**

### FACTS PARTICULAR TO SAMUEL PAGE

47.     Plaintiff SAMUEL PAGE began his employment with the Cook County Sheriff's Department on or about April 16, 1986.

**ANSWER:     Defendants admit the allegations in this paragraph.**

48.     Plaintiff, SAMUEL PAGE began working in the Electronic Monitoring Unit of the Cook County Sheriff's Department in and around December 1992.

**ANSWER:     Defendants admit the allegations in this paragraph.**

49.     In and around 1998, Plaintiff; SAMUEL PAGE received a promotion to Patrol Supervisor for the Third Watch of the Electronic Monitoring Unit.

**ANSWER:     Defendants deny the allegations in this paragraph.**

50.     Plaintiff, SAMUEL PAGE was arbitrarily removed from his position as a patrol supervisor: Page brought a grievance to arbitration and was successful: yet, Page never was reinstated to his position as a patrol supervisor.

**ANSWER:     Defendants deny the allegations in this paragraph.**

51.     Plaintiff, SAMUEL PAGE's supervisors still expected him to make decisions as if he was still a supervisor even though he was never reinstated as one nor compensated as one.

**ANSWER:     Defendants deny the allegations in this paragraph.**

52.     Chief Ranzino threatened to write Page up any time Page spoke up.

**ANSWER:     Defendants deny the allegations in this paragraph.**

53.     Plaintiff SAMUEL PAGE received work assignments that non-minority officers with less seniority never received; specifically, he was consistently assigned to work in the basement even though he had the most seniority and less-senior, non-minority ofl1cers were never assigned to work in the basement.

**ANSWER:     Defendants deny the allegations in this paragraph.**

**FACTS PARTICULAR TO WILFORD FERGUSON**

54.     Plaintiff, WILFORD FERGUSON began his employment with the Cook County Sheriff's Department on or about April l6, 1991.

**ANSWER:     Defendants admit the allegations in this paragraph.**

55. Plaintiff; WILFORD FERGUSON began working in the Electronic Monitoring Unit of the Cook County Sheriff's Department on or about December 27, 1992 and is currently still working in said unit.

**ANSWER:     Defendants admit the allegations in this paragraph.**

56.     Plaintiff; WILFORD FERGUSON received discipline when similarly situated non-minority officers did not.

**ANSWER:    Defendants deny the allegations in this paragraph.**

57.    Plaintiff, WILFORD FERGUSON's supervisors assigned him to positions non-minority officers were not assigned to regardless of his seniority or work experience.

**ANSWER:    Defendants deny the allegations in this paragraph.**

### FACTS PARTICULAR TO CECIL WILLIAMS

58.    Plaintiff, CECIL WILLIAMS began his employment with the Cook County Sheriff's Department on or about March 2, 1993.

**ANSWER:    Defendants admit the allegations in this paragraph.**

59.    Plaintiff, CECIL WILLIAMS eventually began working in the Electronic Monitoring Unit of the Cook County Sheriff's Department and is currently still working in said unit.

**ANSWER:    Defendants admit the allegations in this paragraph.**

60.    Plaintiff, CECIL WILLIAMS received discipline when similarly situated non-minority officers did not.

**ANSWER:    Defendants deny the allegations in this paragraph.**

61.    Plaintiff, CECIL WILLIAMS's supervisors assigned him to positions  non-minority officers were not assigned to regardless of his seniority or work experience.

**ANSWER:    Defendants deny the allegations in this paragraph.**

## FACTS PARTICULAR TO ANTHONY MANNING

62.     Plaintiff, ANTHONY MANNING began his employment with the Cook County Sheriff's Department  on or about October 5, 2014.

   **ANSWER:     Defendants admit the allegations in this paragraph.**

63.     Plaintiff, ANTHONY MANNING began his employment as a Corrections Officer with the Cook County Sheriff's Department.

   **ANSWER:     Defendants admit the allegations in this paragraph.**

64.     Plaintiff, ANTHONY MANNING became a Probationary Police Officer; however, he was demoted back to a Corrections Officer on or about March 27, 2015.

   **ANSWER:     Defendants admit the allegations in this paragraph.**

65.     Plaintiff, ANTHONY MANNING received numerous disciplinary write-ups during his probationary period as a police officer disproportionate to that of non-minority officers.

   **ANSWER:     Defendants deny the allegations in this paragraph.**

## FACTS PARTICULAR TO DAVID WALKER

66.     Plaintiff, DAVID WALKER began his employment with the Cook County Sheriff's Department  on or about February  1, 1991.

   **ANSWER:     Defendants admit the allegations in this paragraph.**

67.    Plaintiff, DAVID WALKER eventually began working in the Electronic Monitoring Unit of the Cook County Sheriff's Department and is currently still working in said unit.

**ANSWER:    Defendants admit the allegations in this paragraph.**

68.    Plaintiff, DAVID WALKER received discipline when similarly situated non-minority officers did not.

**ANSWER:    Defendants deny the allegations in this paragraph.**

69.    Plaintiff, DAVID WALKER's supervisors assigned him to positions non-minority officers were not assigned to regardless of his seniority or work experience.

**ANSWER:    Defendants deny the allegations in this paragraph.**

**FACTS PARTICULAR TO TYRONE MCGHEE**

70.    Plaintiff, TYRONE MCGHEE began his employment with the Cook County Sheriff's Department on or about October 31. 1994.

**ANSWER:    Defendants admit the allegations in this paragraph.**

71.    Plaintiff, TYRONE MCGHEE eventually began working in the Electronic Monitoring Unit of the Cook County Sheriff's Department and is currently still working in said unit.

**ANSWER:    Defendants admit the allegations in this paragraph.**

72.    Plaintiff, TYRONE .MCGHEE has been consistently assigned to work in the "basement" when other non-minority officers with less seniority are assigned to work in the office or less dangerous positions.

**ANSWER:    Defendants deny the allegations in this paragraph.**

### FACTS PARTICULAR TO VICTOR SLAUGHTER

73,    Plaintiff, VICTOR SLAUGHTER began his employment with the Cook County Sheriff's Department  in and  around  April l997,

**ANSWER:    Defendants admit the allegations in this paragraph.**

74.    Plaintiff; VICTOR SLAUGHTER began working in the Electronic Monitoring Unit of the Cook County Sheriff's Department  in and around  2005.

**ANSWER:    Defendants admit the allegations in this paragraph.**

75.    Plaintiff, VICTOR SLAUGHTER is consistently assigned to "TSS" or the basement regardless of his seniority; non-minority officers are very rarely, if ever assigned to work in the basement.

**ANSWER:    Defendants deny the allegations in this paragraph.**

76.    Plaintiff, VICTOR SLAUGHTER received numerous disciplinary write-ups for actions that non-minority officers never received discipline for.

**ANSWER:    Defendants deny the allegations in this paragraph.**

## FACTS RELEVANT TO MULTIPLE PLAINTIFFS

77.     Director Shields and subordinate supervisors in the Electronic Monitoring Unit ("EM") failed to follow progressive discipline when they chose to discipline the Plaintif.

**ANSWER:     Defendants deny the allegations in this paragraph.**

78.     Director Shields and his subordinate supervisors in the EM placed the Plaintiffs in higher incident areas regardless of their seniority over non-minority officers.

**ANSWER:     Defendants deny the allegations in this paragraph.**

79.     Director Shields intentionally waited until Plaintiffs Tims and Newson began their tour of duty to assign them to a location where a family had scabies instead of sending the non-minority officers on the earlier watch.

**ANSWER:     Defendants deny the allegations in this paragraph.**

80.     Director Shields and his subordinate supervisors in the EM regularly called Plaintiffs words such as "nigger," "crooks," and other derogatory and racist comments.

**ANSWER:     Defendants deny the allegations in this paragraph.**

81.     Director Shields and his subordinate supervisors in the EM regularly and systemically assigned non-minority officers to office positions and assigned the Plaintiffs to assignments in the basement or higher incident areas.

**ANSWER:     Defendants deny the allegations in this paragraph.**

82.     Director Shields and his subordinate  supervisors  assigned  duties to EM investigators  based  on their race and not based  on their  seniority or work experience.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

83.     Director Shields and his subordinate supervisors gave disproportionate  discipline to the Plaintiffs as opposed to non-minority  officers.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

84.     Director Shields threatened  the Plaintiffs that he would  have them  fired  if they filed  grievances for the discipline  they  received.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

85.     The Defendants' existent disciplinary processes and procedures provide no meaningful opportunity for the Plaintiffs to an unbiased determination of disciplinary actions.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

86.     The Defendants' grievance processes  and  procedures  provide  no significant remedy  for Plaintiffs  as their  concerns and complaints  are heard  by the wrongdoers.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

**COUNT I**
**DISCRIMINATION ON THE BASIS OF RACE IN**
**VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

87.     Plaintiffs re-allege and  incorporate by reference the allegations set forth in paragraphs l-86 above.

**ANSWER:** **Defendants re-allege and incorporate by reference their answers to paragraphs 1-86 above.**

88.     Defendants have committed an unlawful employment practice by subjecting Plaintiffs to a hostile work environment in which they were subjected to ongoing intimidation, disproportionate assignments, disciplinary actions, racial intimidation, promotion and other terms and conditions of employment because of their race, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

**ANSWER:     Defendants deny the allegations in this paragraph.  Furthermore, this is the subject of a pending motion to dismiss because Section 1981 does not apply against any of the official capacity claims or Cook County, since those are all suits against state actors.**

89.     Defendants conduct has been intentional, deliberate, willful and conducted with disregard of the rights of Plaintiffs.

**ANSWER:     Defendants deny the allegations in this paragraph.  Furthermore, this is the subject of a pending motion to dismiss because Section 1981 does not apply against any of the official capacity claims or Cook County, since those are all suits against state actors.**

90.     Defendants knew of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

**ANSWER:     Defendants deny the allegations in this paragraph.  Furthermore, this is the subject of a pending motion to dismiss because Section 1981 does not apply against any of the official capacity claims or Cook County, since those are all suits against state actors.**

91.     The conduct of the Defendant, Sheriff of Cook County Thomas J. Dart, by and through his employees, especially Defendants Shields, Neal, Rohloff and Ranzino, occurred over several years constituting a continuing course of discrimination towards Plaintiffs.

**ANSWER:     Defendants deny the allegations in this paragraph.  Furthermore, this is the subject of a pending motion to dismiss because Section 1981 does not apply against any of the official capacity claims or Cook County, since those are all suits against state actors.**

92.     By reason of Defendants' discriminatory employment practices, the Plaintiffs have suffered severe and substantial damages.  These damages include lost career opportunities, litigation expenses including attorneys' fees, loss of reputation, humiliation, embarrassment, mental and emotional anguish and distress and other compensatory and punitive damages and, as such, are entitled to all legal and equitable remedies available under Section 1981.

**ANSWER:     Defendants deny the allegations in this paragraph.  Furthermore, this is the subject of a pending motion to dismiss because Section 1981 does not apply against any of the official capacity claims or Cook County, since those are all suits against state actors.**

**COUNT II**
***Monell* Claim 42 U.S.C. § 1983**

93.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 - 92 above.

**ANSWER:     Defendants re-allege and incorporate by reference their answers to paragraphs 1-92 above.**

94.     As described in the preceding paragraphs, the Defendants' actions and omissions treated Plaintiffs differently than other similarly situated individuals without any legitimate governmental purpose for doing so and thereby violated their constitutional rights to equal protection.

**ANSWER:     Defendants deny the allegations in this paragraph.**

95.     The misconduct described in this Court was undertaken with willful indifference to Plaintiffs' rights.

**ANSWER:     Defendants deny the allegations in this paragraph.**

96.     The misconduct described in the preceding paragraphs was undertaken pursuant to the policy and practice of Defendants in that:

a.      As a matter of both policy and practice, the Cook County Sheriff fails to adequately discipline, supervise and control its supervisory officers, and that its failure to do so manifests deliberate indifference;

b.      As a matter of both policy and practice, the Cook County Sheriff fails to properly and fully investigate misconduct by Cook County Sheriff supervisory officers;

c.      As a matter of both policy and practice, the Cook County Sheriff facilitates the type of misconduct here by failing to adequately punish and discipline prior instances of similar misconduct;

d.      The Cook County Sheriff has failed to act to remedy the patterns  of abuse described in the preceding paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**ANSWER:     Defendants deny the allegations in this paragraph.**

97.     As a direct and proximate result of the above-detailed actions or omissions of Defendants, Plaintiffs have suffered severe and substantial damages.  These damages include lost career opportunities, litigation expenses including attorneys' fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by  a jury and the Court.

**ANSWER:     Defendants deny the allegations in this paragraph.**

## COUNT III

**Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e-2(a) Racial
Discrimination and Hostile Work Environment**

98.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1-97 above.

**ANSWER:     Defendants re-allege and incorporate by reference their answers to paragraphs 1-97 above.**

99.     As described in the preceding paragraphs, the Defendants committed an unlawful employment practice  by subjecting Plaintiffs  to racial  discrimination  and a hostile work environment by subjecting them to ongoing intimidation, ridicule, disproportionate disciplinary actions, insults based upon their race and disproportionate duty assignments based upon their race.

**ANSWER:     Defendants deny the allegations in this paragraph.  Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone**

Mcghee because they failed to allege that they filed EEOC charges and therefore may not file Title VII claims.

100.    Defendants knew of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

**ANSWER:    Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed EEOC charges and therefore may not file Title VII claims.**

101.    Defendants failure to take prompt, effective remedial action after being placed on notice by Plaintiffs, did not discourage or stop the harassment or unlawful conduct.

**ANSWER:    Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed EEOC charges and therefore may not file Title VII claims.**

102.    The conduct of Defendants occurred over several years constituting a continuing course of discrimination towards Plaintiffs.

**ANSWER:    Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone**

Mcghee because they failed to allege that they filed EEOC charges and therefore may not file Title VII claims.

103.     Defendants acted intentionally and with callous disregard for Plaintiffs' clearly established constitutional rights.

**ANSWER:     Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed EEOC charges and therefore may not file Title VII claims.**

104.     As a direct and proximate cause of Defendants' violation of Title VII, Plaintiffs suffered severe and substantial damages. These damages include litigation expenses including attorneys' fees, reputation, humiliation, lost career opportunities, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

**ANSWER:     Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed EEOC charges and therefore may not file Title VII claims.**

## COUNT IV
### Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e-2(a)
### Retaliation

105.    Plaintiffs re-allege and incorporate  by reference the allegations  set forth  in paragraphs 1-104 above.

**ANSWER:    Defendants re-allege and incorporate by reference their answers to paragraphs 1-104 above. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed EEOC charges and therefore may not file Title VII claims.**

106.    As described in the preceding paragraphs, the Plaintiffs engaged in or were engaging in protected activity protected under federal law that is filing internal complaints, grievances, memorandums and incident reports.

**ANSWER:    Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed EEOC charges and therefore may not file Title VII claims.**

107.    Defendants subjected Plaintiff' to adverse employment actions including failure to provide Plaintiffs a safe working environment.

**ANSWER:    Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell**

**Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed EEOC charges and therefore may not file Title VII claims.**

108.    Plaintiffs  were subjected to the adverse employment  actions because  of their participation   in filing internal  complaints,  grievances,  memorandums,  and  incident reports that drew attention  to various  violations  within Defendants'  control.

**ANSWER:    Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed EEOC charges and therefore may not file Title VII claims.**

109.    Defendants' adverse employment actions directed at Plaintiffs would not have occurred but for Plaintiffs filing of internal complaints, grievances, memorandums, and incident reports.

**ANSWER:    Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed EEOC charges and therefore may not file Title VII claims.**

110.    As a direct and proximate result of Defendants' violations of Title VII, Plaintiffs have suffered severe and substantial damages.  These damages include litigation expenses including attorneys' fees, reputation, humiliation, lost career opportunities. mental and emotional

anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

**ANSWER:** **Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed EEOC charges and therefore may not file Title VII claims.**

## COUNT V
### IDHR -775 ILCS 5/1-101 et. seq.
### Racial Discrimination and Hostile Work Environment

111.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1-110 above.

**ANSWER:** **Defendants re-allege and incorporate by reference their answers to paragraphs 1-110 above. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed IDHR charges and therefore may not file IDHR claims.**

112.     Defendants committed an unlawful employment practice by subjecting Plaintiffs to a hostile work environment in which they were subjected to ongoing intimidation, ridicule, disproportionate disciplinary actions, insults based upon their race and disproportionate duty assignments based upon their race.

**ANSWER:** **Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed IDHR charges and therefore may not file IDHR claims.**

113.    Defendants knew of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

**ANSWER:** **Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed IDHR charges and therefore may not file IDHR claims.**

114.    Defendants failure to take prompt, effective remedial action after being placed on notice by Plaintiffs did not discourage or stop the harassment or unlawful conduct.

**ANSWER:** **Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed IDHR charges and therefore may not file IDHR claims.**

115.    Based on these actions, Defendants violated the Illinois Human Rights Act ("IHEA"), 775 ILCS 5/1-102.

**ANSWER:     Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed IDHR charges and therefore may not file IDHR claims.**

116.    As a direct and proximate result of Defendants' violations of IDHR, Plaintiffs have suffered severe and substantial damages. These damages include litigation expenses including attorneys' fees, reputation, humiliation, lost career opportunities, mental and emotional anguish and distress and other compensatory damages. in an amount to be determined by a jury and the Court.

**ANSWER:     Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed IDHR charges and therefore may not file IDHR claims.**

**COUNT VI**
**IDHR - 775 ILCS 5/1-101 et. seq.**
**Retaliation**

117.    Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1-116 above.

**ANSWER: Defendants re-allege and incorporate by reference their answers to paragraphs 1-116 above.**

31

118.     Plaintiffs engaged in or were engaging in activity protected under the IDHR that is filing internal  complaints, grievance, memorandums and incident reports.

**ANSWER:     Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed IDHR charges and therefore may not file IDHR claims.**

119.     Defendants subjected Plaintiffs to adverse employment actions including failure to provide Plaintiffs a safe working environment.

**ANSWER:     Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed IDHR charges and therefore may not file IDHR claims.**

120.     Plainti1fs were subjected to the adverse employment actions because of their participation in filing internal complaints, grievances, memorandums and incident reports that drew attention to various violations within Defendants' control.

**ANSWER:     Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed IDHR charges and therefore may not file IDHR claims.**

121.     Defendants adverse employment actions directed against Plaintiffs  would not have occurred but for Plaintiffs filing of internal complaints, grievances, memorandums and incident reports.

**ANSWER:    Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed IDHR charges and therefore may not file IDHR claims.**

122.     As a direct and proximate results of  Defendants' violation  of the IDHR Plaintiffs suffered severe and substantial damages.  These damages include litigation expenses including attorneys' fees, reputation, humiliation, lost career opportunities, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

**ANSWER:    Defendants deny the allegations in this paragraph. Furthermore, this is the subject of a pending motion to dismiss as to Plaintiffs Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee because they failed to allege that they filed IDHR charges and therefore may not file IDHR claims.**

## COUNT VII
## Negligent Retention Claim vs. Defendants Sheriff of Cook County Thomas J. Dart and County of Cook

123.    Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1- 122 above.

**ANSWER:    Defendants re-allege and incorporate by reference their answers to paragraphs 1-122 above.**

124.    Defendants, Sheriff of Cook County Thomas J. Dart and County of Cook, known or should have known that Defendants Joseph Ranzino, Gregory Shields, Thomas Neal and Christopher Rohloff had a pa1ticular unfitness for the supervisory positions with the Cook County Sheriff's Department  so as to create a danger of harm to third persons.

**ANSWER:    Defendants deny the allegations in this paragraph.**

125.    The unfitness of Defendants Joseph Ranzino, Gregory Shields, Thomas Neal and Christopher Rohloff was known or should have been known and they were permitted continued employment by Defendants, Sheriff of Cook County Thomas J. Dart and County of Cook.

**ANSWER:    Defendants deny the allegations in this paragraph.**

126.    Defendants Joseph Ranzino, Gregory Shields, Thomas Neal and Christopher Rohloff  and their unfitness proximately caused Plaintiffs' ongoing injury and damages.

**ANSWER:    Defendants deny the allegations in this paragraph.**

## COUNT VIII
## Respondent Superior-State Law Claim

127.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1-126 above.

**ANSWER:     Defendants re-allege and incorporate by reference their answers to paragraphs 1-126 above.**

128.     In committing the acts in the preceding paragraphs, the Defendants, Sheriff of Cook County Thomas J. Dart, Joseph Ranzino, Gregory Shields, Thomas Neal and Christopher Rohloff were members of and agents of the County of Cook acting at all relevant times within the scope of their employment.

**ANSWER:     Defendants deny the allegations in this paragraph.**

129.     Defendant, County of Cook is liable as principal for all tortious acts committed by its agents.

**ANSWER:     This paragraph states a legal principal that does not require an answer.  To the extent this paragraph alleges it, Defendants deny that they are liable to Plaintiffs.**

**COUNT IX**
**Declaratory Relief**

130.     A present and actual controversy exists between Plaintiffs and Defendants concerning their rights and respective duties.  Plaintiffs contend that Defendants violated their rights under Title VII and the IDHR. Plaintiffs are informed and believe and thereon allege that the Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate.

**ANSWER:     Defendants deny the allegations in this paragraph.**

131.     Plaintiffs seek a judicial declaration of the rights and duties of the respective parties.

**ANSWER:     Defendants deny that Plaintiffs are entitled to such relief.**

## AFFIRMATIVE DEFENSES

### Facts in Support of Affirmative Defenses

1.     Plaintiff Winston filed his EEOC Charge on July 25, 2016, 304 days after the latest date of alleged discrimination he included in his Charge, September 24, 2015.

2.     Plaintiff Winston's Charge was not perfected or notarized.

3.     Plaintiff Page's EEOC Charge was not perfected or notarized.

4.     Plaintiff Slaughter's EEOC Charge was not perfected or notarized.

5.     Plaintiff Newson's EEOC Charge was not perfected or notarized.

6.     No Plaintiff has filed a Charge of Discrimination alleging gender discrimination.

7.     No Plaintiff has filed a Charge of Discrimination alleging discrimination resulting in a disparate impact to them based on a protected characteristic.

8.     No Plaintiff has been issued a "Notice of Right to Sue" from the Illinois Department of Human Rights related to the allegations in this Complaint.

9.     Plaintiffs Strickland, Tims, Ferguson, Williams, Manning, Walker, and McGhee did not file, and have not been alleged to file, an EEOC Charge or IDHR Charge in support of their claims here.

### FIRST AFFIRMATIVE DEFENSE

10.     Defendants re-allege and incorporate by reference the allegations set forth in paragraphs 1-9 of their Affirmative Defenses above.

11.     The employment actions of which Plaintiffs complain were taken for legitimate, non-discriminatory, non-retaliatory, non-pretextual motives and would have been taken regardless of Plaintiff's alleged protected activities or protected status.

## SECOND AFFIRMATIVE DEFENSE

12.     Defendants re-allege and incorporate by reference the allegations set forth in paragraphs 1-9 of their Affirmative Defenses above.

13.     Defendants' conduct was at all times objectively reasonable and did not violate any of Plaintiffs' clearly established Constitutional rights.  Accordingly, the Defendants are entitled to the defense of Qualified Immunity.

## THIRD AFFIRMATIVE DEFENSE

14.     Defendants re-allege and incorporate by reference the allegations set forth in paragraphs 1-9 of their Affirmative Defenses above.

15.     Plaintiffs are not entitled to punitive damages because local governments are immune from punitive damages liability.

## FOURTH AFFIRMATIVE DEFENSE

16.     Defendants re-allege and incorporate by reference the allegations set forth in paragraphs 1-9 of their Affirmative Defenses above.

17.     Plaintiffs' claims are barred to the extent that they were not the subject of a timely administrative discrimination charge, or to the extent that any other jurisdictional prerequisite is lacking.

## FOURTH AFFIRMATIVE DEFENSE

18.     Defendants re-allege and incorporate by reference the allegations set forth in paragraphs 1-9 of their Affirmative Defenses above.

19.     No Plaintiff has or even alleges that they have been issued a "Notice of Right to Sue" from the Illinois Department of Human Rights.

20.     Therefore Plaintiffs, to the extent they have a claim under the Illinois Human Rights Act (the "IHRA"), have failed to exhaust their administrative remedies and cannot bring a claim under the IHRA as attempted in Counts V and VI.

## FIFTH AFFIRMATIVE DEFENSE

21.     Defendants re-allege and incorporate by reference the allegations set forth in paragraphs 1-9 of their Affirmative Defenses above.

22.     No Plaintiff has filed a Charge with any agency alleging gender based discrimination.

23.     Therefore, to the extent Plaintiff Strickland is attempting to bring a claim for gender based discrimination, she has failed to exhaust her administrative remedies and any such claim under Title VII or the Illinois Human Rights Act is barred as a matter of law.

## SIXTH AFFIRMATIVE DEFENSE

24.     Defendants re-allege and incorporate by reference the allegations set forth in paragraphs 1-9 of their Affirmative Defenses above.

25.     None of the four Charges of Discrimination four Plaintiffs filed with the EEOC were verified before a notary public.

26.     Those Charges are therefore not "verified" under Title VII and, as a result, Plaintiffs have failed to exhaust their administrative remedies and Counts III-VI are barred as a matter of law.

## SEVENTH AFFIRMATIVE DEFENSE

27.     Defendants re-allege and incorporate by reference the allegations set forth in paragraphs 1-9 of their Affirmative Defenses above.

28.     No Plaintiff has filed a Charge with any agency alleging discrimination resulting in a disparate impact to their employment.

29.     Therefore, to the extent any Plaintiff is attempting to bring a claim for discrimination resulting in a disparate impact in their employment, they have failed to exhaust their administrative remedies and any such claims under Title VII or the Illinois Human Rights Act are barred as a matter of law.

## EIGHTH AFFIRMATIVE DEFENSE

30.     Defendants re-allege and incorporate by reference the allegations set forth in paragraphs 1-9 of their Affirmative Defenses above.

31.     To the extent that Defendant had knowledge of any inappropriate conduct on the part of any of its employees, it thoroughly and timely investigated such conduct and took appropriate corrective action to remedy such conduct.

## NINTH AFFIRMATIVE DEFENSE

32.     Defendants re-allege and incorporate by reference the allegations set forth in paragraphs 1-9 of their Affirmative Defenses above.

33.     Plaintiff Winston has claimed in his Charge that the last date of any discrimination was September 24, 2015, or 304 days prior to filing his July 25, 2016 EEOC Charge.

34.     Section 706 of Title VII requires that any Charge must be filed within 300 days of the last event of alleged discrimination.

35.     Plaintiff Winston's Charge is therefore untimely, he has failed to exhaust his administrative remedies and his claims under Title VII are barred as a matter of law.

## TENTH AFFIRMATIVE DEFENSE

36.     Defendants re-allege and incorporate by reference the allegations set forth in paragraphs 1-9 of their Affirmative Defenses above.

37.     Plaintiffs Strickland, Tims, Ferguson, Williams, Manning, Walker, and McGhee did not file, and have not been alleged to file, an EEOC Charge or IDHR Charge in support of their claims here.

38.     Therefore, Plaintiffs Strickland, Tims, Ferguson, Williams, Manning, Walker, and McGhee have failed to exhaust their administrative remedies at both the EEOC and IDHR and any claims under Title VII or the Illinois Human Rights Act are barred as a matter of law.

## JURY TRIAL DEMANDED

Dated: April 22, 2019                    By: /s/ Justin L. Leinenweber
                                              *Special State's Attorney*

                                         **LEINENWEBER BARONI & DAFFADA LLC**
                                         120 North LaSalle Street, Suite 2000
                                         Chicago, Illinois 60602
                                         (866) 786-3705
                                         justin@ilesq.com

                                         By: /s/ Ethan E. White
                                              *Special State's Attorney*

                                         **EMERY LAW, LTD.**
                                         Ethan E. White
                                         2021 Midwest Road, Suite 200
                                         Oak Brook, Illinois 60523
                                         (630) 984-0339(direct)
                                         ewhite@emerylawltd.com

## <u>CERTIFICATE OF SERVICE</u>

   I, the undersigned attorney, certify that I caused to be served the foregoing document by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on April 22, 2019.

Dated: April 22, 2019      By: /s/ Ethan E. White

Ethan E. White
**EMERY LAW, LTD.**
2021 Midwest Road, Suite 200
Oak Brook, Illinois 60523
(630) 984-0339(direct)
ewhite@emerylawltd.com