IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEGRAIN WINSTON, MICHELLE STRICKLAND, VERNELL TIMS, I.V. NEWSON, JR., SAMUEL PAGE, WILFORD FERGUSON, CECIL WILLIAMS, ANTHONY MANNING, DAVID WALKER, TYRONE MCGHEE, and VICTOR SLAUGHTER, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 18 C 5726 |
| THOMAS J. DART, Sheriff of Cook County, JOSEPH RANZINO, GREGORY SHIELDS, THOMAS NEAL, CHRISTOPHER ROHLOFF, and COUNTY OF COOK, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The plaintiffs are African-American officers in the Cook County Sheriff's Department. They have sued the sheriff, Thomas J. Dart, and four individual supervisors within the department for racial discrimination in violation of 42 U.S.C. §§ 1981 and 1983, Title VII, and the Illinois Human Rights Act (IHRA). They have also sued Cook County under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), alleging that the county's policies caused violations of their constitutional rights.

The defendants have moved to dismiss the complaint. On March 18, 2019, the Court issued oral rulings on seven of the defendants' arguments, *see* dkt. no. 42, and

ordered briefing on two remaining issues: first, whether several of the plaintiffs' Title VII and IHRA claims should be dismissed because those plaintiffs failed to file administrative charges with the EEOC or the Illinois Department of Human Rights (IDHR); and second, whether the Court should dismiss the section 1981 claims against the defendants in their official capacities under *Campbell v. Forest Preserve District of Cook County*, 752 F.3d 665 (7th Cir. 2014). For the reasons set forth below, the Court denies the motions to dismiss the specified plaintiffs' Title VII and IHRA claims and grants the motion to dismiss the section 1981 official-capacity claims.

**A.      EEOC and IDHR charges**

A plaintiff may bring claims under Title VII and the Illinois Human Rights Act only if she has first filed charges with the EEOC and the IDHR. *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564 (7th Cir. 2019). The complaint fails to allege that seven of the plaintiffs (Michelle Strickland, Vernell Tims, Wilford Ferguson, Cecil Williams, Anthony Manning, David Walker, and Tyrone Mcghee) filed administrative charges. The defendants argue that the Court must therefore dismiss those plaintiffs' Title VII and IHRA claims for failure to exhaust administrative remedies.

The plaintiffs argue that the seven plaintiffs who did not file EEOC and IDHR charges may proceed under the "single-filing rule." For the single-filing rule to apply, at least one of the plaintiffs in the case must have properly exhausted her administrative remedies, and the other plaintiffs' claims must "arise[] out of the same or similar discriminatory conduct, committed in the same period, as the claim in the suit in which [the plaintiffs] want[] to intervene." *Rogers v. Ford Motor Co.*, No. 12 C 7220, 2013 WL

3895279, at *3 (N.D. Ill. July 26, 2013) (quoting *Horton v. Jackson Cty. Bd. of Cty. Comm'rs*, 343 F.3d 897, 899 (7th Cir. 2003)).

To proceed under the single-filing rule, the plaintiffs who failed to exhaust administrative remedies must allege discriminatory conduct sufficiently similar to what is alleged in the administrative charges to "satisfy the goals of administrative exhaustion." *Livingston v. City of Chicago*, No. 16-cv-10156, 2019 WL 194848, at *3 (N.D. Ill. Jan. 14, 2019). In *Livingston*, for example, the defendants engaged in "substantially similar (if not the same) conduct" with respect to each of the plaintiffs. The court concluded that the administrative charge filed by another plaintiff provided adequate notice to the employer and gave the EEOC the opportunity to investigate the charge. *Id.* In determining whether the single-filing ruling applies, the Court also considers whether the administrative charges "noted the collective nature of the discrimination claim." *Simpson v. Cook Cty. Sheriff's Office*, No. 18-cv-553, 2018 WL 3753362, at *2 (N.D. Ill. Aug. 8, 2018).

In this case, the plaintiffs have alleged that the defendants engaged in sufficiently similar behavior toward all of the plaintiffs. Paragraphs 77-86 of the complaint state the allegations relevant to the plaintiffs who did not file EEOC or IDHR charges. In those paragraphs, the plaintiffs allege that they were systematically assigned to work in less desirable positions, issued disproportionate discipline, subjected to racial slurs and other derogatory comments, and threatened with retaliation for complaining about their mistreatment. These allegations closely mirror the allegations in the administrative charges. For example, Winston and Page's charges cite particular racist comments by the individual defendants, and some of those same remarks appear in paragraph 80 of

3

the complaint. The allegations regarding unfair work assignments and disproportionate discipline mirror specific allegations in Newson, Jr. and Slaughter's charges, and Slaughter's charge specifically alleges threats of retaliation. Moreover, both the administrative charges and the complaint allege that the same individuals—Gregory Shields, executive director of the department's electronic monitoring unit, and his subordinate supervisors—were responsible for all of the alleged discrimination.

The administrative charges also noted the collective nature of the claims as required to satisfy the single-filing rule. *See Simpson*, 2018 WL 3753362, at *2. For example, Slaughter's charge alleges that "black Investigators continue to be discriminated against, such as when we are relegated to meet in the basement with bad conditions, and white officers are not." Pls.' Ex. C. Slaughter EEOC Charge, dkt. no. 1-4. And Newson, Jr.'s charge expressly states that both he and Vernell Tims—who did not file his own EEOC charge—were given an undesirable assignment because of their supervisors' allegedly racist attitudes.

The defendants point out that the four plaintiffs who filed EEOC charges indicated that their discrimination began at different times, ranging from 2005 to 2014. They argue that the plaintiffs therefore cannot satisfy the requirement that all of the discriminatory conduct took place "during the same time period." *See Simpson*, 2018 WL 3753362, at *2. This argument is unavailing, however, because it is reasonable to interpret the complaint as alleging that the alleged discrimination was ongoing and that it therefore took place during all the relevant time periods. At this stage, the Court must draw all reasonable inferences in the plaintiffs' favor. *See Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

The Court concludes that the plaintiffs who failed to exhaust administrative remedies have alleged facts that are sufficiently similar to those alleged in the EEOC charges. The charges filed by Winston, Page, Slaughter, and Newson put the sheriff's office on notice of the relevant allegations and gave the EEOC sufficient opportunity to investigate the alleged misconduct that affected all of the plaintiffs. The Court therefore denies the motion to dismiss the Title VII and IHRA claims of the plaintiffs who failed to file administrative charges.

**B.    Section 1981 claims**

In their motion to dismiss, the defendants argue that the plaintiffs cannot state a claim against the individual defendants in their official capacities under 42 U.S.C. § 1981. They cite *Campbell v. Forest Preserve District of Cook County*, 752 F.3d 665 (7th Cir. 2014), in which the Seventh Circuit held that section 1983 "remains the exclusive remedy for violations of § 1981 committed by state actors." *Id.* at 671. The court dismissed the plaintiff's claim under section 1981 because it concluded that the statute "does not create a private right of action against state actors." *Id.*

The plaintiffs do not dispute that section 1981 does not allow official-capacity claims. They contend only that the dismissal of their claims should be limited to their allegations against the defendants in their official capacities and that they may still bring individual-capacity claims. Because the parties agree that *Campbell* bars official-capacity claims under section 1981, the Court grants the motion to dismiss with respect to those claims.

In their reply brief, the defendants go one step further and ask the Court to dismiss the plaintiffs' section 1981 individual-capacity claims. But the defendants'

5

original motion to dismiss made no mention of individual-capacity claims; rather, they argued only that "the Court must dismiss all official capacity claims and claims against Cook County." Defs.' Reply Br., dkt. no. 39, at 7. A party is deemed to have forfeited any argument raised for the first time in a reply brief. *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 627-28 (7th Cir. 2007). The Court therefore denies the defendants' request to dismiss the individual-capacity claims under section 1981.

Although the Court does not dismiss the section 1981 individual-capacity claims in light of the defendants' forfeiture, it notes that is questionable whether the plaintiffs have alleged facts that state a plausible claim for relief against the defendants in their individual capacities. Specifically, the allegations in the complaint concern discrimination by supervisors that is entirely related to their professional responsibilities. At least one court in this district has held that individual-capacity claims under section 1981 are cognizable if "the defendant's alleged infringement of § 1981 is not fairly attributable to the state." *Edmond v. City of Chicago*, No. 17-cv-4858, 2018 WL 5994929, at *9 (N.D. Ill. Nov. 15, 2018) (quoting *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012)). Because the plaintiffs allege discrimination squarely within the scope of the defendants' employment, it is unlikely that these claims would withstand scrutiny under Rule 12(b)(6). But it is also unclear whether dismissing these claims would have any practical significance, given that the Court will construe the section 1981 claims as claims under section 1983. *See id.* at *6 ("[D]istrict court cases in this circuit hold that a complaint need not cite § 1983 to avoid dismissal of a § 1981 claim. Rather, a claim pleaded as a § 1981 claim will ordinarily be construed as arising under § 1983.").

6

**Conclusion**

For the foregoing reasons, the Court grants defendants' motion to dismiss the plaintiffs' official-capacity claims under 42 U.S.C. § 1981 and denies the motion to dismiss certain plaintiffs' claims under Title VII and the IHRA for failure to exhaust administrative remedies [dkt. no. 39].

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  June 4, 2019